Filed 8/18/20  P. v. Berry CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>EDDIE LEE BERRY,<br><br>        Defendant and Appellant. | D077141<br><br><br><br>(Super. Ct. No. SCN396097) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert J. Kearney, Judge.  Affirmed.

Lynelle K. Hee, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Eddie Lee Berry pleaded guilty to one count of failing to register as a sex offender (Pen. Code, § 290.018, subd. (b)).  The remaining allegations were dismissed.  Berry was placed on formal probation on various terms and conditions.

Several months later, Berry's probation was summarily revoked. Following an evidentiary hearing, the court formally revoked probation and

sentenced Berry to a two-year term of imprisonment. The court imposed, but suspended various fines, fees and assessments. Berry filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende)* indicating she has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Berry the opportunity to file his own brief on appeal, but he has not responded.

STATEMENT OF FACTS

The testimony at the evidentiary hearing demonstrated that Berry had three urine tests which revealed the presence of methamphetamine.

Berry testified he did not intentionally ingest methamphetamine. He learned from his supplier that his marijuana had been laced with methamphetamine without his knowledge.

DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks this court to review the record for error. To assist the court in its review of the record, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following issues she considered in evaluating the potential merits of this appeal:

1. Whether there was sufficient evidence to support the trial court's finding that Berry violated the terms of probation; and

2. Whether the court abused its discretion by sentencing Berry to a two-year term.

We have reviewed the entire record as mandated by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Berry on this appeal.

2

## DISPOSITION

The judgment is affirmed.


                                                              HUFFMAN, J.

WE CONCUR:



BENKE, Acting P. J.



GUERRERO, J.